THE PEOPLE *ex rel.* Patrick J. Daniher *et al.* Appellees, *vs.* ROBERT M. SWEITZER, County Clerk, Appellant.

*Opinion filed February 7, 1928.*

CONSTITUTIONAL LAW—*construction of constitutional provision for formation of senatorial districts.* The provision of section 6 of article 4 of the constitution, in regard to the formation of senatorial districts, that no district shall contain less than four-fifths of the senatorial ratio and that the districts shall be bounded by county lines, does not require that every county containing a population in excess of four-fifths of the ratio shall be designated as a separate senatorial district, and the Apportionment acts of 1901 and 1893 are not invalid in making some of such counties separate districts, while others, with an excess of four-fifths of the ratio, are united with a smaller county in forming a senatorial district.

APPEAL from the Circuit Court of Cook county; the Hon. MICHAEL FEINBERG, Judge, presiding.

ROBERT E. CROWE, State's Attorney, (GEORGE E. GORMAN, and WILLIAM B. WALRATH, of counsel,) for appellant.

BROWN, BROWN & BROWN, (CHARLES R. BROWN, LLOYD M. BROWN, and JOSEPH W. COX, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

A petition for writ of *mandamus* was filed in the circuit court of Cook county in which it was alleged that the Apportionment acts of 1901 and of 1893 are void for the

reason that they do not conform to the requirements of section 6 of article 4 of the constitution of 1870, the contention being that that section requires the General Assembly to establish as a separate senatorial district each county having a population in excess of four-fifths of the ratio of representation in the senate. In the act of 1901 Kane county, which had a population in excess of four-fifths of the ratio, was joined with Kendall county in the formation of the fourteenth senatorial district, and in the act of 1893 Kane county, which had a population in excess of four-fifths of the ratio, was joined with DuPage county in the formation of the fourteenth senatorial district, and Adams county, with a like population, was joined with Brown county in the formation of the thirty-seventh senatorial district. The prayer of the petition is that the county clerk of Cook county be commanded to follow the Apportionment act of 1882 in the performance of the various duties which he is obligated to perform in connection with the nomination and election of members of the General Assembly. A general demurrer filed to the petition was overruled, and, respondent electing to stand by the demurrer, the court directed the writ to issue. This appeal followed.

That part of section 6 pertinent to the issue in this case reads: "The General Assembly shall apportion the State every ten years, beginning with the year 1871, by dividing the population of the State, as ascertained by the Federal census, by the number 51, and the quotient shall be the ratio of representation in the senate. The State shall be divided into 51 senatorial districts. * * * Senatorial districts shall be formed of contiguous and compact territory, bounded by county lines, and contain, as nearly as practicable, an equal number of inhabitants; but no district shall contain less than four-fifths of the senatorial ratio. Counties containing not less than the ratio and three-fourths, may be divided into separate districts, and shall be entitled to two senators, and to one additional senator

for each number of inhabitants equal to the ratio contained by such counties in excess of twice the number of said ratio."

This provision of the constitution is both a mandate requiring the General Assembly to re-apportion the State at the session of the General Assembly following each Federal census and a limitation upon the manner of apportionment. In both respects the words used in this section of the constitution are about as definite in meaning and as easily understood as any that could have been chosen to express the same idea. Nowhere in this section or in any other part of the constitution is it stated, or even suggested, that each county having a population in excess of four-fifths of the ratio is entitled to be and must be designated as a separate senatorial district. There is no ambiguity of any kind and so no judicial interpretation is required. Where the language used in the constitution is clear, there is no occasion for referring to the debates of the convention to ascertain the meaning of the provisions, but if anyone be interested in ascertaining whether the authors of this provision of the constitution said what they meant, then a reference to the debates will confirm our statement that there was no intention to require each county having a population in excess of four-fifths of the ratio to be designated as a separate senatorial district. The advocates of county representation were defeated and section 6 of article 4 is the result of the deliberate action of the convention in rejecting the idea that any county, as such, is entitled to be designated as a senatorial district.

The court erred in overruling the demurrer to the petition. Upon the theory upon which the petition was filed it cannot by amendment be made to state a good cause of action, and so no useful purpose will be served by remanding the cause.

The judgment of the circuit court is reversed.

*Judgment reversed.*